UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 7:19-cr-475-LSC-GMB |
| | ) | |
| ALAA MOHD ABUSAAD | ) | |

## PLEA AGREEMENT

The United States and ALAA MOHD ABUSAAD ("ALAA ABUSAAD" or "ABUSAAD" or "the defendant") hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (1) plead guilty to Count One of the Information filed in this case, and (2) agrees not to request a sentence below 10 years' imprisonment. In exchange, the United States agrees (1) to recommend the disposition specified below, subject to the conditions in Sections IV, IX and X, and (2) to recommend dismissal of the currently pending case in Case No. 7:18-cr-00541-LSC-GMB after sentencing in this matter.

This Agreement calls for the Defendant's cooperation with the United States as described in Section IV which could result, in the United States Attorney's sole discretion, in the filing of a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b).

Defendant's Initials AA

## TERMS OF THE AGREEMENT

I. **MAXIMUM PUNISHMENT**

Count One
Concealment of the Provision of Material Support
18 U.S.C. §§ 2339C(c)(2)(A) and 2339C(d)(2) and 2

The defendant understands that the maximum statutory punishment that may be imposed for violating 18 U.S.C. §§ 2339C(c)(2)(A) and 2339C(d)(2) is:

A. Imprisonment for not more than 10 years;

B. A fine of not more than $250,000;

C. Both (a and b);

D. Supervised release of any term of years, up to and including life; and

E. A Special Assessment Fee of $100.

II. **FACTUAL BASIS FOR PLEA**

The defendant stipulates that the following facts are true and may be used to establish a factual basis for defendant's guilty plea and sentence:

A. As described below, in or about February 2018, ABUSAAD was introduced to an Undercover Employee ("UCE") of the Federal Bureau of Investigation ("FBI"), and ABUSAAD began participating in conversations with the UCE via a mobile messaging application. From in or about February 2018 through in or about April 2018, ABUSAAD had conversations with the UCE about sending money to mujahedeen.[1]

---

[1] Mujahedeen means those who are engaged in jihad; fighters. Mujahid and its variants is the singular form of the word. When the UCE and ABUSAAD used the initials m.j., in their online conversations, it refers to mujahedeen.

Defendant's Initials AA

B. As described below, ABUSAAD introduced the UCE to somebody ABUSAAD knew to be a financial facilitator ("INDIVIDUAL A"), instructed the UCE about how to provide money to INDIVIDUAL A, confirmed that money sent to INDIVIDUAL A could be provided to a designated foreign terrorist organization ("FTO"), and coached the UCE on operational security methods to use in order to avoid detection of her actions by law enforcement.

C. On or about March 10, 2018, during a conversation between ABUSAAD and the UCE, the UCE told ABUSAAD, "My husband was talking to a brother he thought was there [Syria] who was going to help us in preparing and help getting over, and I don't know if the brother was a spy or just after our money but that fell through…" ABUSAAD replied, "That's really dangerous. I can forward you to someone more trustworthy. But don't just believe anyone. Make them show you proof. Or only contact people when you see proof. Even people you might think are really m.j. [mujahedeen] they might be spies. The person I can forward you to, I know for sure they are legit. But idk [I don't know] if he would help with getting there." The UCE asked ABUSAAD, "What can they help with?" ABUSAAD then sent a series of messages to the UCE that she deleted after sending. UCE read the messages prior to ABUSAAD deleting them. Those messages stated that ABUSAAD's contact could help with sending money to the "m.j." [mujahedeen], and that sending money is the same as doing jihad. The UCE asked ABUSAAD, "Is that what is needed right now?" To which ABUSAAD replied, "It's always needed. You can't have a war without weapons. You can't prepare a soldier without equipment." ABUSAAD later sent the UCE a screenshot of what appeared to be a user's mobile messaging application contact information that included a display name for INDIVIDUAL A.

D. During a discussion on March 12, 2018, ABUSAAD stated, "Talk to your husband [another UCE] about it first. I didn't even give much. I have [gave] what I had at the time." The UCE replied, "Well I know he wants to send something since we are stuck here right now and while we save… we talked about it the other night…but for him it's going to be knowing where it would be going." ABUSAAD responded, "Okay. He can say where he wants it to go specifically. Like for instance if he wants it to be zakat money [a charitable contribution under Islamic law] it can go to the Widows's of mj. Or if he wants it could be for weapons. Bullets. Clothing…Or you can give it to the widow and orphans. Supporting a mujahids family is like taking part in jihad."

E. During the same March 12 discussion, the UCE asked ABUSAAD how to be careful when sending money. ABUSAAD replied in part "If you aren't

Defendant's Initials AA

careful of what you say. And what information you give…Don't give your real information. I looked up random places and gave the address…And random phone numbers…But I did it multiple times. And I never got in trouble…[…]. May Allah blind the kuffar."[2] The UCE asked, "It's not illegal to simply send money though right?" To which ABUSAAD replied, "…It can be it depends… If you're sending to women and children it's legal. And you can do it through an official charity group. So it depends." The UCE asked, "Is the mj aspect what is illegal then?" ABUSAAD replied, "Yes. It is."

F.   On or about April 2, 2018, during a conversation between ABUSAAD and the UCE, the UCE stated, "Alhamdullilah my husband got paid today… but the banks closed already. Once I deposit the check tomorrow funds should be available Wednesday so we definitely want to send something Wednesday inshallah… but sis can you do me a favor, can you ask [INDIVIDUAL A] if he can get out [our] money to our AQ [al Qaeda] brothers?" When ABUSAAD got back to the UCE, ABUSAAD replied, "…He said it can be done. To the brothers that work with aq. He knows a few."

G.   Later in the same April 2, 2018 conversation, the UCE asked, "So how does this work sis?…Like how do I send the brother the money?" ABUSAAD replied, "The way I know is Western Union. Send under a fake name and fake address. Only send with one identity once. But the name you send to might be different each time. So it's important to check with [INDIVIDUAL A] who to send to exactly."

H.   During the same mobile messaging application chat described above, ABUSAAD told the UCE that she should use a fake Muslim name to send the money. ABUSAAD further stated, "And since it's a fake name no one can do anything to you. So don't worry." ABUSAAD further told UCE, "Don't send it all at once…And use a fake name each time…Go to Publix. Not a bank…Yes 2-3 hundred at a time…Only use cash…Always say it's your first time sending."

I.   The UCE later sent a small amount of money to INDIVIDUAL A. Before doing so, the UCE told ABUSAAD that she [the UCE] was nervous. ABUSAAD responded in part: "Don't be nervous sis […]. Make sure you practice sign [sic] your fake name … And also practice saying all the information. Read it 3 times. Your name the receivers name and all of your other info. Like address

---

[2] Kuffar means unbeliever or infidel.

Defendant's Initials AA

and number. .. That's so you don't make a mistake...."

J.     During the events described above, ABUSAAD was a citizen of the United States and was then present in Tuscaloosa County, Alabama, within the Northern District of Alabama, and knew that al Qaeda had engaged in, and was engaging in, terrorist activity and terrorism. The events took place while ABUSAAD was located within Tuscaloosa County.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court may use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant may have committed.**

*/s/ Alaa Abusaad*
**ALAA MOHD ABUSAAD**

## III. <u>AGREEMENT REGARDING CERTAIN SENTENCING GUIDELINE CALCULATIONS AND ENHANCEMENTS</u>

The United States and the defendant agree that, in addition to any other applicable guideline calculations, the following guideline calculations and enhancements apply in this case:

A.     The Sentencing Guideline applicable to the offense of aiding and abetting the concealment of the provision of material support or resources to a foreign terrorist organization in violation of 18 U.S.C. §§ 2339C(c)(2)(A) and 2 is U.S.S.G. § 2X3.1, which provides a base offense level of 20.

Defendant's Initials AA

B.      Because the offense is a felony that involved, or was intended to promote, a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5), the offense level is increased by 12 levels pursuant to U.S.S.G. § 3A1.4(a). Pursuant to U.S.S.G. § 3A1.4(b), the defendant's criminal history category shall be VI. As a result of this calculation, the defendant's guideline range upon conviction of this charge would be 210-262 months' imprisonment, capped at the statutory maximum penalty of 120 months.

C.      If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility and the U.S. probation office recommends a two-level reduction for "acceptance of responsibility," as provided in U.S.S.G. § 3El.1(a), the United States will concur in the recommendation.

D.      If the above two-level reduction is applied, and if the defendant timely complies with all the requirements of this agreement, the United States will recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), if applicable.

## IV. COOPERATION BY THE DEFENDANT

Defendant agrees to waive the Fifth Amendment privilege against self-incrimination and provide TRUTHFUL AND COMPLETE INFORMATION to the United States concerning all aspects of the charged crime, including, but not limited to, Defendant's role and participation in the offense, as well as the roles

Defendant's Initials _AA_

and the participation of all other persons involved in these crimes of whom Defendant has knowledge. Defendant, at any time requested by the United States, agrees to provide truthful and complete testimony involving those persons, including at any Grand Jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, trial, retrial, or post-trial hearing. ALL SUCH INFORMATION AND TESTIMONY SHALL BE TRUTHFUL AND HONEST AND WITH NO KNOWING MATERIAL FALSE STATEMENTS OR OMISSIONS.

Further, Defendant agrees to provide assistance and cooperation to the United States as the United States Attorney for the Northern District of Alabama may authorize.

**Failure to provide truthful and complete information, testimony or cooperation renders this agreement NULL and VOID. In that event, the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, contained herein.**

V. **RECOMMENDED SENTENCE**

Subject to the limitations in paragraph X regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, will recommend the following disposition:

A. The United States and the defendant will recommend the maximum imprisonment term of 10 years.

Defendant's Initials AA

B.  That following completion of the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, up to and including life, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3.

C.  That the defendant be required to pay a fine in accordance with the Sentencing Guidelines, as determined by the Court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release.

D.  That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## VI. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF AND WAIVER OF RIGHT TO FURTHER DISCOVERY

**In consideration of the recommended disposition of this case, I, ALAA MOHD ABUSAAD hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders that the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence; any fines, restitution, forfeiture orders imposed; and the manner in which my conviction, sentence, and any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:**

Defendant's Initials AA

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

A.  Any sentence imposed in excess of the applicable statutory maximum sentence(s).

B.  Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed.

C.  Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the United States retains its right to appeal where authorized by statute.

I, ALAA MOHD ABUSAAD hereby acknowledge that I accepted this Plea Agreement and decided to plead guilty because I am in fact guilty. I acknowledge that I have received sufficient discovery to knowingly and intelligently make that decision, and expressly waive any right to receive additional material.

I, ALAA MOHD ABUSAAD, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and

Defendant's Initials AA

that I am knowingly and voluntarily entering into this waiver.

*Alaa Abusaad*
ALAA MOHD ABUSAAD

## VII. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are advisory in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VIII. AGREEMENT IS NOT BINDING ON THE COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the United States is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the recommendation of the United States. Further, the defendant understands that if the Court does not accept the recommendation of the United States, the defendant does not have the right to withdraw the guilty plea.

Defendant's Initials AA

## IX. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, or seek or advocate for a sentence of less than 10 years' imprisonment, this agreement will become **NULL** and **VOID**. In that event, the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## X. <u>SUBSEQUENT CONDUCT</u>

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligations to make the recommendations set forth in this Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.

## XI. <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

Defendant's Initials AA

## XII. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XIII. AGREEMENT REGARDING RELEVANT CONDUCT

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charge and relevant conduct for any other acts. The defendant understands and agrees that the conduct contained in the factual basis may be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. This agreement does not, however, prohibit the United States Probation Office or the Court from considering any other acts or factors that may constitute or relate to relevant conduct.

Defendant's Initials AA

## XIV. AGREEMENT REGARDING RESTITUTION, FINE, TAX, AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to, or in any way limit, any pending or prospective proceedings related to defendant's tax liabilities, if any, or to any other pending or prospective forfeiture or other civil or administrative proceedings not otherwise addressed herein.

## XV. AGREEMENT IF DEFENDANT ATTEMPTS TO WITHDRAW THE PLEA OF GUILTY

The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty, has discussed these rights with defense counsel, and knowingly and expressly waives any right to withdraw the plea once the Court has accepted it.

The defendant acknowledges that Fed. R. Crim. P. 11(f) and Federal Rules of Evidence 408 and 410 are rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. The defendant knowingly and voluntarily waives these rights and agrees that any statements made in the course of the defendant's guilty plea or this plea agreement (in part or in its entirety, at the sole discretion of the United States) will be admissible against the defendant for any purpose in any criminal or civil proceeding if the defendant fails to enter, or attempts to withdraw, the defendant's guilty plea, or in any post-

Defendant's Initials AA

conviction proceeding challenges the voluntary nature of the guilty plea (other than in accordance with paragraph VI.

## XVI. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 15 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE UNITED STATES, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this Plea Agreement will take effect and will be binding as to the Parties after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

Defendant's Initials ꟾꟾ

Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_____9-13-19_____   _____/s/ Alaa Abusaad_____
DATE                                                ALAA MOHD ABUSAAD

## XVII.  COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised her of all of her rights and all possible defenses. My client has conveyed to me that she understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

_____9.13.19_____   _____/s/ Thomas Durkin_____
Date                                                  THOMAS DURKIN
                                                     Defense Counsel

## XVIII.  UNITED STATES'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

9/13/2019  _____/s/ Henry Cornelius_____   _____/s/ Manu Balachandran_____
Date              HENRY CORNELIUS                                  MANU BALACHANDRAN
                  Assistant United States Attorney                 Assistant United States Attorney

Defendant's Initials AA